IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE POWER OF FEW, LLC,**

      Plaintiff,

  vs.                                  Case No. 2:13-cv-839
                                           Judge Graham
                                           Magistrate Judge King

**JOHN DOES 1-11,**

      Defendants.

**REPORT AND RECOMMENDATION**

**I.**

Plaintiff TCYK, LLC, a California limited liability company, claims the copyright to the motion picture *The Power of Few*. Plaintiff filed this action on August 27, 2013, alleging that eleven defendants, identified only by internet protocol ("IP") addresses, each violated plaintiff's copyright by downloading plaintiff's motion picture and sharing it with others using a BitTorrent protocol or torrent, which is a type of peer-to-peer file sharing software. Through early discovery, *see Order*, ECF 4, plaintiff traced one of the IP addresses to one Dennis Martini, who was named as the only defendant in the *Amended Complaint*, ECF 7, and served with process, *Summons Returned Executed*, ECF 10. After defendant failed to plead or otherwise defend in this cause as required by law, the Clerk entered his default on May 28, 2014. *Entry of Default*, ECF 14. This matter is now before the Court, pursuant to an order of referral, *Order*, ECF 17,

on plaintiff's motion for default judgment against defendant Dennis Martini. *Motion for Default Judgment*, ECF 16.

Plaintiff seeks $150,000 in statutory damages, $5,101.25 in attorneys' fees, and $405.01 in costs; plaintiff also asks that the Court permanently enjoin defendant Martini from infringing, directly or indirectly, plaintiff's copyrighted works. *Id.*

## II.

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).  In order to succeed on its claim of copyright infringement under 17 U.S.C. § 101 *et seq.*, plaintiff must prove that it owns a valid copyright in the motion picture and that defendant violated one or more of plaintiff's exclusive rights by copying or distributing plaintiff's copyrighted motion picture without authorization. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004); *Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *3 (E.D. Mich. July 31, 2013).  Here, the *Amended Complaint* alleges all the elements of plaintiff's claim and defendant's default conclusively establishes those elements. *See Thomas v. Miller,* 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief").

The mere determination of defendant's liability does not, however, automatically entitle plaintiff to default judgment. The decision to grant default judgment falls within a court's discretion. 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (3d ed.). In determining whether to enter judgment by default, courts often consider such factors as

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Id.* (footnotes omitted). In the case presently before this Court, consideration of these factors militates in favor of granting default judgment. The only matter remaining, then, is the issue of damages.

As noted *supra*, plaintiff seeks $150,000 in statutory damages. The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. 17 U.S.C. § 504(a)-(c). Statutory damages for each individual act of infringement ordinarily ranges from $750 to $30,000. 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, however, the Court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. 17 U.S.C. § 504(c)(2). "The Court has substantial discretion to set statutory damages within the permitted range, but it is not without guidance." *Broadcast Music, Inc. v. H.S.I., Inc.*, No. C2-06-482, 2007 WL 4207901 at *4 (S.D. Ohio Nov. 26,

2007) (citing *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935)). When determining the proper amount of statutory damages, "'courts have looked to: (1) whether [d]efendants' infringement was willful, knowing, or innocent; (2) [d]efendants' profit from infringement; (3) [p]laintiffs' loss from infringement; and (4) deterring future violations by [d]efendants and similarly situated entities.'" *Broadcast Music, Inc. v. 4737 Dixie Highway, LLC*, No. 1:12-cv-506, 2012 WL 4794052, at *4 (S.D. Ohio Oct. 9, 2012) (quoting *H.S.I., Inc.*, 2007 WL 4207901 at *6).

Plaintiff urges the Court to award the statutory maximum amount of $150,000 because defendant's conduct was willful, because a maximum award will deter others, and because plaintiff and the motion picture industry have suffered real and significant harm. *Plaintiff's Motion*, *PAGEID* 271-79. In order to recover the statutory maximum, a plaintiff must first prove that the defendant willfully infringed its copyright. 17 U.S.C. § 504(c)(2). In this case, plaintiff has alleged facts that, when taken as true, could support a finding of willful infringement. However, even proof of willfulness does not automatically entitle a copyright holder to the statutory maximum; a court retains broad discretion to determine an appropriate damages figure in each case. *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 931 (W.D. Mich. 2013) (citing 17 U.S.C. § 504(c)(2)).

The facts of this case do not justify plaintiff's requested award. Although the entry of his default has established a copyright infringement by defendant, it is not necessarily the case that

4

defendant was the original user who made plaintiff's work available to the public. *See Malibu Media, LLC v. Flanagan*, 2:13-CV-5890, 2014 WL 2957701, at *4 (E.D. Pa. July 1, 2014). Moreover, there is no evidence that defendant profited from the infringement. The nature of BitTorrent is such that defendant would not likely have reaped any profit from his participation in the infringement of plaintiff's copyright except for the amount that defendant saved by illegally downloading the motion picture. *See Bossard*, 976 F. Supp. 2d at 931. Moreover, a review of damage awards in other cases involving copyright infringement by use of the BitTorrent protocol reveals that a total award closer to $6,000 would adequately deter future infringement. *See id*. at 930-31 ("In the vast majority of [cases involving intentional copyright infringement by use of BitTorrent or other file-sharing protocols], courts have found damages of no more than $6,500 per infringement to be sufficient compensation for the injured copyright holder.") (collecting cases awarding between $750 and $6,500 per infringement); *Flanagan*, 2014 WL 2957701 at *4 ("[A]n award of $1,500.00 per infringement is reasonable and will deter future infringements as well as compensate the Plaintiff."); *Malibu Media, LLC v. Cowham*, No. 3:13-CV-00162, 2014 WL 2453027, at *2 (N.D. Ind. June 2, 2014) ($1,500 per infringement); *PHE, Inc. v. Does 1-122*, No. 13-CV-786, 2014 WL 1856755, at *3 (N.D. Ill. May 7, 2014) (awarding $1,500 per infringement and $6,000 total); *W. Coast Prods., Inc. v. Garrett*, No. 4:12CV01551, 2014 WL 752670, at *3 (E.D. Mo. Feb. 25, 2014) (awarding $3,250 for one infringement); *Purzel Video GmbH v.*

5

*Biby*, No. 13-CV-01172, 2014 WL 37299 (D. Colo. Jan. 6, 2014) (awarding $2,250 for one infringement); *Bait Prods. PTY Ltd. v. Aguilar*, No. 8:13-CV-161-T-31DAB, 2013 WL 5653357 (M.D. Fla. Oct. 15, 2013) ("The vast majority of other courts assessing statutory damages in similar cases in which the defendants have downloaded copyrighted material via bit torrent have assessed damages of approximately $6,000 based on an inference of willfulness[.]") (collecting cases); *Collins v. Sangster*, No. 11-CV-01773, 2012 WL 458905 (D. Md. Feb. 10, 2012) ("[T]he Court finds it unnecessary to determine whether Defendant's infringement was 'willful' because it finds that a statutory damages award of $6,000 pursuant to 17 U.S.C. § 504(c)(1) would sufficiently reimburse Plaintiff for Defendant's participation in the infringing swarm and would adequately discourage wrongful conduct. . . . . [T]he vast majority of courts to consider statutory damages in similar cases regarding copyright infringement by use of BitTorrent or other online media distribution systems have found damages of up to $6,000 per work to be sufficient."). Accordingly, the Court finds that an award of $6,000 in statutory damages will properly account for defendant's gain, plaintiff's loss, and the public's interest in deterring future violations.

 Plaintiff also asks that the Court enjoin defendant from directly or indirectly infringing plaintiff's copyrighted works.  The injunction sought by plaintiff would prohibit defendant's use of the internet to reproduce or distribute plaintiff's motion pictures without license or express permission.  Plaintiff also asks that the

6

Court order defendant to destroy all copies of *The Power of Few* downloaded by him onto any computer hard drive or server or transferred onto any physical medium or device in defendant's possession, custody, or control. The Copyright Act authorizes temporary or final injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). It is well established "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir. 2007) (citations and quotations omitted). "Not only is the issuance of a permanent injunction justified 'when a copyright plaintiff has established a threat of continuing infringement, he is *entitled* to an injunction.'" *Id*. (emphasis in original) (quoting *Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. Cir. 1990)). Otherwise, an award of damages without injunctive relief would amount to a "'forced license to use the creative work of another.'" *Id*. (quoting *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004)).

In the case presently before the Court, plaintiff has established past infringement by defendant. Considering the factual allegations in the *Amended Complaint*, the nature of the BitTorrent system, *see Patrick Collins, Inc. v. Gillispie*, No. 11-CV-01776, 2012 WL 666001, at *4-5 (D. Md. Feb. 23, 2012) ("Given the nature of the BitTorrent system, the Court finds that a permanent injunction is necessary to

protect Plaintiff's ownership rights in this instance."), the nature of the copyrighted work, *see Malibu Media, LLC v. Schelling*, No. 13-11436, 2014 WL 3400580 (E.D. Mich. July 8, 2014) ("'[P]ermanent injunctions are typically granted in situations involving unlawful infringement of copyrights in . . . compositions because of the strong probability that unlawful performances of other copyrighted material will occur.'") (quotations omitted) (quoting *Disney Enters., Inc. v. Farmer*, 427 F. Supp. 2d 807, 819 (E.D. Tenn. 2006)), the Court concludes that plaintiff has sufficiently established a continuing threat to its copyright. *See Jobete Music Co., Inc. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003) ("[C]ourts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists.") (quotations omitted). Plaintiff's request for permanent injunctive relief is therefore meritorious.

Plaintiff also seeks $5,101.25 in attorneys' fees, and $405.01 in costs. Plaintiff itemized its costs and its counsel declared that he spent 13.25 hours prosecuting plaintiff's claims against defendant at a rate of $385 per hour. *Declaration of Counsel in Support of Motion for Default Judgment*, attached to *Plaintiff's Motion*. The Court has the discretion to award fees to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. The United States Court of Appeals for the Sixth Circuit has identified factors to be considered in determining whether to award attorneys' fees, including such factors as "'frivolousness, motivation, objective unreasonableness

8

(both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 589 (6th Cir. 2007) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). "The grant of fees and costs 'is the rule rather than the exception and they should be awarded routinely.'" *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)).

The Court concludes that plaintiff is entitled to an award of reasonable attorneys' fees and costs. However, the Court also concludes that plaintiff's request for $5,101.25 in attorneys' fees is unreasonable. This action is one of numerous actions filed by plaintiff through this counsel in this Court using nearly identical pleadings and motions, and progressing in nearly identical fashion. Every case names a group of John Doe defendants, who are identified only by IP addresses, and alleges that the defendants conspired with other infringers on the BitTorrent network to copy and/or distribute plaintiff's copyrighted motion picture. Plaintiff then files a motion for leave to serve discovery on internet service providers prior to the Rule 26(f) conference in order to determine each defendant's true identity. Once the defendant has been identified, plaintiff files an amended complaint identifying the defendant or defendants by name. Although there "is nothing inherently wrong with this practice," it is "the essence of form pleading," *Schelling*, 2014 WL 3400580 at *2, and

9

casts doubt on the number of hours expended by plaintiff's counsel on this matter. This is compounded by the fact that plaintiff named eleven John Doe defendants in the *Complaint*. Despite the number of defendants and plaintiff's use of what are essentially form complaints and motions, plaintiff's counsel represents that 5.25 hours were spent filing the complaint and the motion for expedited discovery to prosecute plaintiff's claims against this particular defendant. Plaintiff's counsel also billed one quarter-hour to review every notice and order issued by this Court, despite the fact that the notices and orders applied to multiple defendants or were similar or even identical to the notices and orders issued in many other cases prosecuted in this Court. The Court also notes that plaintiff's requested attorneys' fees far exceed what other courts have awarded in similar circumstances. *See Schelling*, 2014 WL 3400580 (awarding $555 as a reasonable attorneys' fee when the plaintiff requested $2,550 for eight and one-half hours of work billed at $300 per hour); *Flanagan*, 2014 WL 2957701 ($1,182 in attorneys' fees); *Biby*, 2014 WL 37299 ($676.66 in attorneys' fees and costs); *Bossard*, 976 F. Supp. 2d at 931 ($525 in attorneys' fees); *Cowham*, 2014 WL 2453027 at *3 ($1,182 in attorneys' fees); *Patrick Collins, Inc. v. Lowery*, No. 1:12-CV-00844-TWP, 2013 WL 6246462 (S.D. Ind. Dec. 3, 2013) ($2,550 in attorneys' fees); *PHE, Inc.*, 2014 WL 1856755 at *4 ($2,573.32 in attorneys' fees); *Garrett*, 2014 WL 752670, at *4 ($480 in attorneys' fees); *Aguilar*, 2013 WL 5653357 ($1,300 in attorneys' fees); *Sangster*, 2012 WL 458905 ($500 in attorneys' fees); *Achte/Neunte Boll King*

*Beteiligungs GMBH & Co KG v. Palmer*, No. 2:11-CV-70-FTM-29SPC, 2011 WL 4632597 (M.D. Fla. Oct. 6, 2011) ($2,655 in attorneys' fees); *Malibu Media, LLC v. Babb*, No. 13-CV-00320, 2013 WL 5387435, at *9 (D. Colo. Sept. 26, 2013) ($2,550 in attorneys' fees); *Gillispie*, 2012 WL 666001 at *4 ($1,492 in attorneys' fees).  In this case, the Court is satisfied that $1,500 is a reasonable attorneys' fee.  The Court therefore concludes that plaintiff is entitled to attorneys' fees and costs, pursuant to 17 U.S.C. § 505, in the total amount of $1,905.01.

### III.

It is therefore **RECOMMENDED** that *Plaintiffs' Motion for Default Judgment*, Doc. No. 16, be **GRANTED in part** and **DENIED in part**.

It is **SPECIFICALLY RECOMMENDED** that Defendant Dennis Martini be **PERMANENTLY ENJOINED** from directly or indirectly infringing plaintiff's copyrighted works, including by use of the internet to reproduce, copy, distribute, or make available for distribution to the public plaintiff's copyrighted works, unless plaintiff provides defendant with a license or express permission.

It is **RECOMMENDED** that Defendant Dennis Martini be **ORDERED** to destroy all copies of plaintiff's motion picture *The Power of Few* that defendant Dennis Martini has downloaded onto any computer hard drive or server without plaintiff's authorization and all copies that have been transferred onto any physical medium or device in defendant Dennis Martini's possession, custody, or control.

It is also **RECOMMENDED** that plaintiff be **AWARDED** statutory damages as against defendant Dennis Martini in the amount of $6,000 and attorneys' fees and costs in the total amount of $1,905.01.

### IV.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir.

2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


                                                *s/ Norah McCann King*
                                                Norah McCann King
                                                United States Magistrate Judge

October 8, 2014